IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
|     Plaintiff, ) | | Hon. Judge Becerra (JB) |
| ) | | |
| v. ) | | |
| ) | | Case No. 1:24-cr-20456-JB-1 |
| ) | | |
| ALFRED LENORIS DAVIS, ) | | MOTION TO DISMISS INDICTMENT |
|     Defendant. ) | | |

COMES NOW, Defendant, ALFRED LENORIS DAVIS, by and through the undersigned counsel, to enter his motion to dismiss the indictment. In support of his motion, the Defendant states and argues as follows:

### SUMMARY OF MATTER

In this matter, the genesis of the case is the prosecution of the Defendant, Mr. Davis, a minority business man and contributing member of the community, with criminal conduct which is alleged by the United States as a violation of 18 U.S.C. §1343, for wire fraud, and for violation of 18 U.S.C. §1957, engaging in transactions using criminally derived property. In a five (5) count indictment, the United States has alleged that Mr. Davis engaged in a pattern of conduct which he, while being the owner of real property located at 20031 NW 12th Court, in Miami, FL[1], applied for mortgages from several different federally insured financial institutions, to be secured by the property owned by

---

[1] The United States may also use the incorporated city township of Miami Gardens, FL for the location of the municipal address for the real property as the postal service address on the property also can be reached by this township municipality as well.

Mr. Davis. The financial institutions which were affected by this conduct were allegedly U.S. Bank, Amerant Bank, Figure Lending, LLC, and Lower, LLC.

It is alleged in the indictment that on or about June 6, 2023, to on or about May 20, 2024, Mr. Davis "did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343". In doing so, Mr. Davis was alleged to have committed the specific fact conduct of "unlawfully enrich himself by applying for and obtaining Home Equity Lines of Credit ("HELOCs") by means of false and fraudulent representations and withdrawing and using the proceeds for his own use and benefit and the use and benefit of others.

Under the violations alleged under §1343, Mr. Davis, on June 6, 2023, submitted a HELOC application to U.S. Bank supported by false and fraudulent tax returns. Again, on June 30, 2023, Mr. Davis is alleged to have submitted a HELOC application to Lower LLC followed by another HELOC application to Figure Lending, LLC on July 8, 2023. Finally, Mr. Davis is alleged to have falsely and fraudulently represented to Figure Lending LLC that the property was free and clear of legal encumbrances, mortgages, and liens on July 11, 2023, and again to Lower, LLC on July 26, 2023 and that he had not been issued credit by Figure Lending, LLC previously. Count One involves the submission of a HELOC application to U.S. Bank on June 6 for $350,000.00. Count Two references a submission

of a HELOC application to Lower, LLC for $350,000.00. And finally Count Three is the submission of a free and clear letter to Figure Lending, LLC.

Mr. Davis is further alleged to have violated §1957 through conduct described as "did knowingly engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity". The conduct is alleged to have occurred through three specific counts. First, Count Four of the indictment is based upon a the purchase of a cashier's check, payable to Boss Group Ministries, in the approximate amount of $35,000, from an account ending in 0406 at Amerant Bank on 4 July 25, 2023. Count Five is based on the purchase of a cashier's check, payable to ALFRED DAVIS, in the approximate amount of $50,000, from an account ending in 0406 at Amerant Bank on August 1, 2023.

## STANDARDS OF REVIEW

Federal Rule of Criminal Procedure 12(b) governs motions to dismiss an indictment. Fed. R. Crim. P. 12(b). "[A] defendant may challenge an indictment on a variety of ... grounds, including [for] failure to state an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct." *United States v. Kaley*, 677 F.3d 1316, 1326 (11th Cir. 2012). Motions attacking a defect in instituting the prosecution or in the indictment itself, among other bases, must be made before trial. Fed. R. Crim. P. 12(b)(3).3 While an indictment may be dismissed where there is an infirmity of law in the prosecution, a court may not dismiss

an indictment on a "determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (reversing order dismissing indictment for two counts of trafficking and attempting to traffic in counterfeit watches). "The sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (emphasis added) (reversing order dismissing indictment noting that "[t]here is no summary judgment procedure in criminal cases", explaining that the rules do not provide for a pre-trial determination of the evidence while highlighting that the sufficiency of an indictment is determined from its face -- and that an indictment is sufficient if it charges the language of the statute).

COUNTS TO BE DISMISSED

Count One

In Count One, the United States moves to indict and charge for misleading and false statements based on the submission of false and fraudulent tax returns to U.S. Bank. The indictment alleges on June 6, 2023, the application for the HELOC was submitted to U.S. Bank and included the false and fraudulent tax returns. From the face of the indictment, it appears that the basis of the false statement claims and submission here is based upon the tax returns themselves, which the indictment clearly states is an overt act which the United States claims is unlawful conduct in violation of §1343 by alleging, in pertinent part, Mr. Davis "did knowingly, and with the intent to defraud, …… and to obtain money and property by means of materially false and fraudulent….representations, knowing that the …. representations, ……. were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain

writings, ………. in violation of Title 18, United States Code, Section 1343". There would appear to be a statement which alleges unlawful conduct on the face of the indictment, although Mr. Davis contends there are facts which will be adduced at trial which will invalidate this charge which cannot be challenged here because a court may not dismiss an indictment on a "determination of facts that should have been developed at trial." *Torkington*, 812 F.2d at 1354 (11th Cir. 1987).

Count One of the indictment alleges that on June 6, 2025, Mr. Davis submitted a HELOC application to U.S. Bank for the approximate amount of $350,000.00. This coincides with paragraph 4 under the Means and Manner of the Scheme and Artifice. There, the face of the indictment alleges that a HELOC application was submitted with false and fraudulent tax returns. This statement arguably identifies a writing being delivered in interstate commerce that contained a false and fraudulent representation, which is arguably sufficient on the face of the indictment.

Count Two

Count Two, on the other hand, presents a different scenario. The law is well established that "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir.2009) (citation and quotations omitted). "In determining whether an indictment is sufficient, we read it as a whole and give it a 'common sense construction.' " *Id.* (citing *United States v. Gold*, 743 F.2d 800, 813 (11th Cir.1984) and *United States v. Markham*, 537 F.2d 187, 192 (5th

Cir.1976)). "In other words, the indictment's 'validity is to be determined by practical, not technical, considerations.' " *Jordan*, 582 F.3d at 1245 (citing *Gold*, 743 F.2d at 812).

In the indictment, Count Two alleges that, on June 30, 2025, Mr. Davis submitted a HELOC application to Lower, LLC. This, in itself, is not a crime or otherwise every application submitted in this country in interstate commerce would be a violation of §1343. The corresponding Manner and Means, under paragraph 5 also alleged a HELOC application being submitted. Yet, on June 30, 2025, there is no false or fraudulent representation or writing. "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir.2003), being alleged. "Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id*. The overt act of submitting an application is not illegal conduct. And it definitely does not apprise Mr. Davis of a specific offense as to Count II. Accordingly, Count Two must be dismissed.

Count Three

Count Three fairs no better in the allegation of conduct as the defendant is unaware of the specific offense conduct to which he will need to defend. Count Three alleges a Free and Clear Letter was submitted to Figure Lending, LLC in support of the application for the HELOC on July 11, 2025. Yet, Paragraph 7 of the Manner and Means alleges that a false and fraudulent representation was made to Figure Lending, LLC that the subject property was free and clear of legal encumbrances, mortgages and liens. Here, there is

ambiguity in the specific conduct which the defendant will need to defend. Count Three claims the submission of a free and clear letter is an unlawful act, which itself is not. There are two overt acts here which the defendant has been alleged to commit in violation of §1343. A "statement of the facts and circumstances as will inform the accused of the <u>specific offense</u>, coming under the general description, with which he is charged." *Id.* "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished; and the fact that the statute in question, read in the light of the common law, and of other statutes on the like matter, enables the court to infer the intent of the legislature, <u>does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent</u>." *United States v. Carll*, 105 U.S. 611, 611–13, 26 L. Ed. 1135 (1881). Count Three does not allege a fact which brings the "submission of a free and clear letter" within §1343.

Counts Four and Five

It is alleged that Mr. Davis engaged in transactions related to criminally derived funds to have cashiers' checks issued from an account held by Amerant Bank. The two checks alleged to have been issued between July 25, and August 1 of 2023. An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed.R.Crim.P. 7(c)(1) (emphasis added). Even when an indictment "tracks the language of the statute, 'it must be accompanied with such a <u>statement of the facts and circumstances</u> as will inform the accused of the specific offense, coming under the general description, with which he is charged.' " *United States*

v. *Bobo*, 344 F.3d 1076, 1083 (11th Cir.2003) (citing *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 1048–49, 8 L.Ed.2d 240 (1962)). "Each count of an indictment must be regarded as if it were a separate indictment and must stand on its own content without dependence for its validity on the *allegations of any other count not expressly incorporated*." *United States v. Huff*, 512 F.2d 66, 69 (5th Cir.1975).

Here, Counts Three and Four depend on "wire fraud" being the specific unlawful activity to bring Counts Three and Four within §1343 to constitute a violation of §1957. The purchase of the two cashier's checks are the alleged conduct which are supposedly the activities of dealing in criminally derived proceeds. Section 1957 sanctions anyone who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity [.]" 18 U.S.C. § 1957(a). The term "monetary transaction" is defined by the statute as "the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument ... by, through, or to a financial institution[.]" *Id.* at § 1957(f)(1). The term "monetary instruments" means "(i) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or (ii) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery[.]" *Id.* at § 1956(c)(5). The term "criminally derived property" means "any property constituting, or derived from, proceeds obtained from a criminal offense ...." *Id.* at § 1957(f)(2).

Here, the indictment merely states that the two checks were issued from proceeds derived from wire fraud. The indictment fails to incorporate the alleged wire fraud *conduct*

expressly. Mr. Davis could not be reasonably apprised of the specific unlawful activities constituting the violation of §1343.

## CONCLUSION

In conclusion this Court must dismiss Counts 1-5 of the October 2024 indictment as the infirmities in same are fundamental in nature and a violation of due process of law.

## RELIEF REQUESTED

WHEREFORE, the Defendant, through undersigned counsel moves this honorable Court for an order dismissing counts 1-5 of the charging Indictment with prejudice, or any other relief the Court deems just and proper.

Respectfully,

_____
Nashid Sabir, ESQ.
Attorney for Defendant
20401 NW 2ND AVE. SUITE 203
MIAMI GARDENS, FL 33169
Tel: (305) 770-1778
Fax: (305) 770-1101

## CERTIFICATE OF SERVICE

Defendant through counsel pursuant to rule 49 Fed. R. Crim. P, certifies that a true and correct copy of the foregoing motion to dismiss was furnished electronically to counsel for the Government via CM/ECF electronic portal filing on this 5th day of May, 2025.

Respectfully,

_____
Nashid Sabir, ESQ.
Attorney for Defendant
20401 NW 2ND AVE. SUITE 203
MIAMI GARDENS, FL 33169
Tel: (305) 770-1778
Fax: (305) 770-1101